Bartlett, C. J.
The right of the plaintiff to a recovery *in [483 this ease, depends on the legal effect of the following- devises in the last will and testament of Thomas Thompson, deceased:
“First. I give and bequeath to my beloved wife the plantation on which 1 now live, with all the property thereon, except so much as will satisfy all my just debts.
“Second. I do also give and bequeath unto my son Isaac the above-mentioned plantation, from and after the death of the widow; two years after Isaac shall pay my son Henry one hundred and fifty dollars; two years after that date he shall pay also my daughter Nancy one hundred dollars.”
It is claimed in the defense : 1. That no estate vested in the devisee, Isaac Thompson, during his life, and that, therefore, none could have descended to the plaintiffs as his heirs at law ; and, 2. That the estate devised to Isaac, was a remainder limited on a life estate to the widow, and that the particular estate having failed, by the omission of the widow to make her election to take under the will, the remainder was 'defeated.
There does not appear to be any ground for difficulty on the first point. Whether the estate devised to Isaac Thompson was a vested remainder or an executory devise, it was an interest which was transmissible to his representatives, on his decease. The doctrine upon this subject, even supposing the interest to have been contingent, would not seem to be a matter of controversy at this day. It is laid down by a writer of standard authority on this subject, that, “ In general, it seems that contingent interests pass to the real or personal representatives, according to the nature of such interests, as well as vested interests, so as to entitle such representatives to them when the contingencies happen.” Fearne on Contingent Remainders, 364. In England, this appears to have been recognized as the law as early as the case of Pinbury v. Elkin, 1 P. Wms. 563, although there had been conflicting decisions on the subject prior to that time. And, in Chauncey v. Graydon, 2 Atk. 616. Lord *Hardwieke said : “ That where either real or personal [484 *485 •estate is given upon a contingency, and that contingency does not take effect in the lifetime of the first devisee, yet, if real, his heir, if personal, his executor, will be .entitled to it.” The same principle was affirmed in Hodgson v. Rawson, 1 Ves. Sr. 46, and in Medlicot v. Bowers, 1 Ib. 208. In Jones v. Roe, 3 Term, 88, it was urged, that a mere possibility was not assignable in law, and, consequently, not devisable. But it was held by the court in that case, that contingent executory interests wore transmissible and devisable, and were not mere possibilities; and Buffer, J., said, that such an interest was descendible, “ because the person taking it has an interest in the lands, which is known to the laws ;” and Lord Kenyon, in the close of his opinion, said : “ I sincerely hope that this point will now be understood to be perfectly at rest.” In this country,' although there- have been some decisions to the contrary, the weight of authority is the same way. It was so held in Winslow v. Goodwin et al., 7 Mot. 377, where the subject is elaborately reviewed. It is said, however, that the rule is subject to this qualification, that where the existence of the devisee of a contingent interest, at some particular time, enters into the contingency, and constitutes at least a part of it, the contingent interest can not descend. This qualification, however, has no application to the case before us.
'As to the second point in the defense, the inquiry arises, what was the true nature of the estate devised to Isaac Thompson ? Was it a remainder or an executory devise? If the testator devised his ■entire estate in the land, and vested his widow with a certain and fixed life estate therein, the interest devised to Isaac, would have been strictly a remainder; and, as such, it is true, the continuance •of the life estate in the widow would have been essential to support it; and in case of the failure of this as the particular estate, before 485] *the death of the widow, the remainder over would have been void. And if this had been the true nature of the interest devised, the inquiry would arise, whether the particular estate was, in fact, defeated by the failure of the widow to elect to take under the will. By.the devise, the estate would pass at the death of the testator, unless there be some legal impediment to prevent. The statute did not px’ovide that the election of the widow to take under the will, should be a condition precedent to the vesting of the estate devised to hex’, but gave her six months within which to make her election. The provision of the law in requiring the election to bof made, was not necessary to-vest the estate devised under the will, *486 but designed to bar a future claim to dower. It is true, that, had the widow, omitting to elect to take under the will, set up a claim to •dower, that would have divested all her estate under the devise. But where the widow, without following the form prescribed for making her election to take under the will, sets up no claim to dower, but •actually and in fact takes under the will, and has the use and occupancy of the lands devised to her for a series of years, or, as in this case, for over sixteen years, she would, it would seem, be justly barred of dower and estopped to deny her election to take under the will. In this view, the preceding estate would not fail, and the •executory estate would be valid as a remainder. .
But the estate devised to Isaac Thompson was, by construction -of law, and in its legal operation, not a remainder, but an executory devise; that is, such a limitation of a future estate or interest, as the law admits in the case of a will, though contrary to the rules -of limitation in conveyances at common law. In this conclusion we are not unmindful of the rule, that a limitation, whether by •deed or devise, shall, if it possibly can, consistently with other rules of law, be construed to be a remainder, rather than an executory *devise. It is essential to a remainder, whether vested or [481> •contingent, that it have a preceding or particular estate to support it; that it be created at the same time with the particular estate ; ■and that it commence immediately on the termination of the particular estate; and that the particular estate, although it must be less than a fee, must be a certain and fixed right in the land, which is carved out of the estate. Now, in the case before us, the estate devised to the widow, depended on the contingency that she would not claim dower, but elect to take under the will. If, therefore, the estate given to Isaac Thompson could have been a remainder at all, it would have fallen under that class of contingent remainders, which are dependent on the contingent determination of the preceding estate; and would, therefore, have been liable to be defeated by the widow not taking under the will, but claiming her dower. Now, the manifest intention of the testator was to give an estate to his son Isaac, which should commence at the time of the ■death of his widow; and if the estate devised should be governed by the rules established for the government of contingent remainders, the intention of the testator would be liable to be defeated fey the mere act of the widow, and at her-option. But executory devises, which do riot require any preceding estate to support them, *487, 488 were instituted for the purpose of supporting the will of the testator, and effectuating his intention in regard to limitations by will, of future estates or interests in lands, which could not take effect as remainders, consistently with the rules of law. Devises by last will and testament, supposed to be often drawn up when the party is without advice, or when he is in a low and helpless-condition; are always more favored by the law than formal deeds, which are presumed to be made with more caution, forethought. 487] and advice. We learn from 4 Kent’s Com. 264 *(7 ed.), that an executory devise is a limitation by will of a future estate ox-interest in land, which can not, consistently with the rules of law, take effect as a remainder. And another distinguished elementary writer defines an executoxy devise in these words: “Evexy devise of a future interest, which is not preceded by an estate of freehold created by the saxne will, or which, being so preceded, is limited to-take effect before or after, and not at the expiration of such prior estate of freehold, is an executoxy devise.” 1 Jarm. Wills, 778. Now, the estate devised to Isaac Thompson was limited to take effect “■ from and after ” the death of the widow; and the preceding-estate devised to the widow, if it did take effect at all, was liable totei'minate at a time when the widow should refuse to take under the will and assert her claim to dower. So that the estate devised to Isaac, although preceded by an estate of freehold created by the-same will, was limited to take effect after, but not required to take-effect at the expiration of such prior estate. This devise, therefore, was manifestly not intended by the testator to be subject to the-rigid rules which govern contingent remainder's, and, thei’efore, be liable to be defeated by the mere option of the widow. Now, it is. a long established and controlling rule of law, in construing and giving effect to devises, that the manifest intention of the testator must be followed. And one of the pui-poses for which executoxy devises were instituted, is said to have been to give effect to future-estates or executory interests in lands, which could not take effect as remainders, consistently with the rules of law. Hence, where-the limitations carved out of an estate by will, falling strictly within the denomination of contingent x'emainders, have been defeated as x’emainders by the lapse of the preceding estate, they have-been construed to be executory devises, and upheld as such, in order to effectuate the intention of the testator..
*As early as the case of Hopkins v. Hopkins (cases Temp. *489 Talbot, 44), it was adjudged in England, that an estate in remainder, created by devise, which had failed by the lapse of the particular estate, would be construed to be an executory devise at the •death of the testator, leaving the freehold in possession, to descend to the heir at law of the testator, until the executory estate should •commence.
And that case was referred to with approbation in the case of Doe ex dem. Scott v. Roach, 5 Maule & Selwyn, 482, where it was held that a contingent remainder created by will, which failed by the lapse of the particular estate, would be allowed to take effect as an executory devise, in order to carry out 'the intention of the testator.
By the application, therefore, of well established rules of law, the future interest devised to Isaac Thompson, in this will, must be treated as an executory devise, and not liable to be defeated by the failure of the preceding and intermediate estate devised to the widow.
It is further urged in the defense, that, as no words of inheritance •or perpetuity, nor words denoting the quantum of interest in the property disposed of, were employed in the devise, that a life estate •only was devised to Isaac. The language of the will descriptive of the property devised, is, “ the plantation on which I now live.” This is equivalent to the words, the farm, or the land, or “ the property on which Hive,” etc. No words' of inheritance or perpetuity are essential in a will, to pass an estate in fee. In order to effectuate the intention of the testator, the rigid rules applicable to deeds •of conveyance are. in this respect also, relaxed in regard to wills. If the expressions used in a will as descriptive of the estate, are general, and sufficient to comprehend the whole property or estate, without any words of limitation, or other provision of the will qualifying the quantity of interest devised, a fee in the land passes. This *is in accordance with the course of adj udication in this [489 state for many years. Smith et al. v. Berry et al., 8 Ohio, 367. We are of opinion that the terms of the will in this case fairly indicate the intention of the testator to dispose of his entire estate in the land, and not to die intestate, as to a part of his interest therein ; and that, therefore, the interest devised to Isaac Thompson was an estate of inheritance.
The charges for the payment of one hundred and fifty dollars to Henry, and one hundred dollars to Nancv. imposed by the will, *490 could in no sense be construed to constitute a condition precedent to the vesting of the legal title in'Isaac or his heirs.

Judgment for the plaintiff.

Swan, Brinkerhoee, Bowen, and Soott, JJ., concurred.